UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **12-62449-CIV-MORENO**

PERSHING LLC,

    Plaintiff,

vs.

JOSE ANTONIO CHECA CURI,

    Defendant.
_____/

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, Pershing LLC, is seeking to enjoin the Defendant, Jose Antonio Checa Curi, from pursuing his claims in an arbitration proceeding in the Financial Industry Regulatory Agency ("FINRA"), *Jose Antonio Checa Curi v. Pershing, LLC*, FINRA Case No. 12-03777. Plaintiff's position is that by actively litigating his claims in this forum for six and a half months in *Jose Antonio Checa Curi v. Pershing, LLC*, Case No. 12-20566-CIV-MORENO, Defendant Checa Curi waived his right to arbitrate. The parties were set to arbitrate Checa Curi's claims on January 15, 2013 before FINRA when Pershing, LLC filed this motion for preliminary injunction. Because the Court does not find Plaintiff meets the standard, the Court denies the motion for injunctive relief.

THIS CAUSE came before the Court upon Plaintiff's Motion for Preliminary Injunction **(D.E. No. 9)**, filed on **January 4, 2013**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED.

### I. Background

Pershing, LLC is a securities broker-dealer registered with the SEC and a member of FINRA.

Pershing provides brokerage execution and clearance services to financial organizations nationwide and within Florida. As a member of FINRA, Pershing is obligated to comply with FINRA's rules and regulations, including the FINRA Code of Arbitration Procedure for Customer Disputes. As a customer, Pershing LLC claims that Checa Curi had a right to require Pershing to arbitrate, even without a written agreement to that effect because his claims arose in connection with a business activity. In any event, in this case, Checa Curi appointed Jorge A. Gomez as his authorized agent and empowered Gomez to take all actions authorized in the "Full Trading Authorization" document. Acting pursuant to that authorization, Gomez executed a Margin Agreement with Pershing, which contained an Arbitration Agreement. Checa Curi claims he did not receive this document until June 15, 2012.

The complaint in the prior case before this Court was filed on February 10, 2012. His six-count complaint pled claims for breach of contract, breach of fiduciary duty, negligence, unjust enrichment, aiding and abetting a breach of fiduciary duty, and aiding and abetting common law fraud. On July 25, 2012, the Court, in ruling on a motion to dismiss, found that Checa Curi could state a claim for breach of contract, but the remaining claims were barred by Florida's economic loss rule. Less than one month later on August 23, 2012, Checa Curi filed a notice of voluntary dismissal without prejudice in this Court indicating that discovery in the case revealed an agreement to arbitrate before FINRA. On August 31, 2012, the Court dismissed the case without prejudice.

Now, Pershing is moving for a preliminary injunction arguing that Checa Curi had actual or constructive knowledge of his right to arbitrate at the time he filed the District Court action. Of course, Checa Curi claimed he had no knowledge of the Margin Agreement containing the arbitration provision. Checa Curi's attorney, Mark Hunter, indicates that in late 2010 and early 2011, he reached out by email to Joan Schwartz, Director and Managing Counsel at Pershing, inquiring as to

the existence of an arbitration agreement. Mark Hunter indicates that he did not receive a response to his three written inquiries and no response over a fifteen month period prior to filing suit.

To support the motion, Pershing states that Checa Curi waived his right to arbitrate and is moving to enjoin the arbitration proceeding. In litigating the prior case before this Court, Pershing filed the Margin Agreement containing the arbitration provision on June 15, 2012, which is the date Checa Curi says he learned of his right to arbitrate. On October 29, 2012, Checa Curi commenced the FINRA arbitration against Pershing asserting the same claims that were originally pled in this District Court.

## II. Legal Analysis

A preliminary injunction will be issued if the moving party demonstrates a substantial likelihood of success on the merits, irreparable harm to the movant, a finding that the threatened injury to the movant outweighs the harm the injunction may cause the defendant, and a finding that the preliminary injunction would not disserve the public interest. *Tally-Ho Inc. v. Coast Comm. College Dist.*, 889 F.2d 1018, 1022 (11th Cir. 1989). The Plaintiff, Pershing, LLC, bears the burden of persuading the court that the requirements for a preliminary injunction are satisfied. *Id.*

### A. Substantial Likelihood of Success on the Merits

To prevail on the motion for preliminary injunction, Pershing must show a substantial likelihood that it would succeed in establishing that Checa Curi waived his right to arbitration. Whether a party has waived his right to arbitration by previously litigating in court is decided by the courts, and not arbitrators. *Grigsby & Assoc., Inc. v. M Sec. Inv.*, 664 F.3d 1350, 1353 (11th Cir. 2011).

A waiver of the right to arbitration is appropriate where the court finds, after reviewing the "totality of the circumstances" that a party "has acted inconsistently with the arbitration right." *S &*

*H Contractors, Inc. v. A.J. Taft Coal Co., Inc.*, 906 F.2d 1507, 1514 (11th Cir. 1990). Put another way, a party waives the right to arbitration when it participates in litigation "to a point inconsistent with an intent to arbitrate" such that the other side is prejudiced. *Morewitz v. West of England Ship Owners Mut. Prot. & Indem. Assoc.*, 62 F.3d 1356, 1366 (11th Cir. 1995).

"Waiver is not to be lightly inferred, and mere delay in seeking [arbitration] without some resultant prejudice to a party cannot carry the day." *Creative Solutions Grp., Inc. v. Pentzer Corp.*, 252 F.3d 28 (1st Cir. 2001) (internal citations omitted). Any doubts concerning whether a waiver of the right to arbitrate has occurred should be resolved in favor of arbitration. *Morewitz*, 62 F.3d at 1366. "Because federal law favors arbitration, any party arguing waiver of arbitration bears a heavy burden of proof." *Home Quality Mgmt., Inc. v. Ace Am. Ins. Co.*, 381 F. Supp. 2d 1363, 1367 (S.D. Fla. 2005) (quoting *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1025 (11th Cir. 1982)).

In this particular case, Pershing LLC, has not met its burden to establish that Checa Curi had knowledge of the arbitration agreement prior to filing the initial District Court action. Checa Curi's counsel states he made repeated attempts to confirm the existence of the arbitration agreement for over fifteen months and did not receive a response from Pershing, LLC. Moreover, Pershing, LLC has not established that it has incurred the type of litigation expense that arbitration was designed to alleviate. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1201 (11th Cir. 2011). For example, once Checa Curi received the Margin Agreement, he did not seek more discovery in the pending case or seek to depose any additional individuals.

Pershing, LLC's best argument is that Checa Curi is essentially forum shopping by opting to arbitrate after the Court's Order Granting in Part the Motion to Dismiss. Had the Court dismissed Checa Curi's complaint in its entirety, then Pershing LLC's argument would be more persuasive.

The Court's order on the motion to dismiss allowed Checa Curi to pursue his breach of contract claim and found the economic loss rule barred his tort claims. The economic loss rule "bars recovery in tort where the act 'complained of relates to the performance of the contract.'" *Tyco Safety Prod. Canada, Ltd. v. Abracon Corp.*, No. 08-80604, 2008 WL 4753728, at *2 (S.D. Fla. Oct. 28, 2008). Employing the economic loss rule, the Court merely cleaned the complaint to remove the tort claims that sought recovery of "the same economic damages, $6 million, as the breach of contract claims." *Jose Antonio Checa Curi v. Pershing LLC*, Case No. 12-20566-CIV-MORENO, Order Granting in Part Motion to Dismiss at 6 (July 25, 2012). Because Plaintiff could still recover all his damages after the Court's order, the Court cannot say that by opting to arbitrate he was forum shopping in a way that impermissibly prejudiced Pershing, LLC.

### B. Irreparable Harm

Even if the Court were to find Checa Curi waived his right to arbitration, there is no evidence of irreparable harm. The Eleventh Circuit has held that a showing of irreparable harm is necessary for an injunction to issue. *Tally-Ho Inc.*, 889 F.2d at 1022.

Pershing, LLC argues it will be irreparably harmed by incurring significant attorney's fees in defending the claims in District Court and by being required to participate in the FINRA arbitration. In response to the Motion for Preliminary Injunction, Checa Curi agrees that should Pershing LLC be successful in the arbitration, "there exist adequate monetary remedies available to [Pershing LLC] in the FINRA Arbitration." (Defendant's Response at 10). Given that Checa Curi admits Pershing, LLC can recover monetary remedies, if it prevails in arbitration, the Court cannot find Pershing, LLC will be irreparably harmed if it is required to arbitrate.

### C. Balance of Hardships

To decide whether injunctive relief is warranted, courts must balance the hardships to the

parties. *Tally-Ho Inc.*, 889 F.2d at 1022. A plaintiff must establish that the threatened injury to it outweighs the harm the requested preliminary injunctive relief may cause to the defendant. *See Global Tel*Link Corp. v. Scott*, 652 F. Supp. 2d 1240, 1247 (M.D. Fla. 2009). Pershing, LLC has not established that engaging in arbitration proceedings, to which it agreed in contract, outweighs the harm of an injunction to Checa Curi. Given the strong federal policy in favor of arbitration, the Court does not find the balance of hardships requires an injunction in this case. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) (stating there is a strong federal policy favoring arbitration of disputes).

### D. Public Interest

A court's granting of a preliminary injunction must not be adverse to the public interest. *See All Care Nursing Serv., Inv. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). The strong federal policy favoring arbitration is well-settled. Any doubts concerning arbitration should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. In this case, the public interest does not support the expenditure of judicial resources to enjoin arbitration, where as here, there is a valid agreement to arbitrate. *Kalb v. Quixtar, Inc.*, No. 07-1061, 2008 WL 879406, *8 (M.D. Fla. Mar. 28, 2008).

DONE AND ORDERED in Chambers at Miami, Florida, this 27 day of February, 2013.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record