UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-62449-FAM

| | |
|---|---|
| **PERSHING LLC,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| **JOSE ANTONIO CHECA CURI and** | ) |
| **FINRA DISPUTE RESOLUTION, INC.** | ) |
| | ) |
| Respondents. | ) |
| | ) |

**JOSE ANTONIO CHECA CURI'S MOTION TO DISMISS AMENDED PETITION FOR INJUNCTIVE RELIEF AND INCORPORATED MEMORANDUM OF LAW**

Respondent Jose Antonio Checa Curi ("Mr. Checa" or "Respondent") by and through his undersigned counsel and pursuant to Rule 7 of the Federal Rules of Civil Procedure ("Rule(s)"), and S.D. Fla. Local Rule 7.1, hereby moves for an order dismissing Petitioner Pershing LLC's ("Pershing" or "Petitioner") Amended Petition for Injunctive Relief ("Amended Petition for Injunction") (Docket Entry ("D.E.") 8) pursuant to Rule 12(b)(6). In furtherance of the same, Mr. Checa respectfully states as follows:

**I.      INTRODUCTION**

On or about December 10, 2012, Petitioner Pershing filed its Petition for Injunctive Relief (D.E. 1). On December 11, 2012, Petitioner Pershing filed its Motion for Preliminary Injunction and Supporting Memorandum of Law (D.E. 4). Subsequently, on January 4, 2013, Petitioner Pershing filed its Amended Petition for Injunction (D.E. 8) and its Amended Motion for Preliminary Injunction and Supporting Memorandum of Law ("Amended Motion for Preliminary Injunction") (D.E. 9). Petitioner Pershing's Amended Motion for Preliminary Injunction requested that this Court preliminarily enjoin Mr. Checa from continuing to pursue his

claims in the Financial Industry Regulatory Agency ("FINRA") Dispute Resolution arbitration case captioned *Jose Antonio Checa Curi v. Pershing LLC*, FINRA Case No. 12-03777 (the "FINRA Arbitration"), arguing that Mr. Checa "waived his right to arbitrate his claims against Pershing by previously filing a Complaint in this Court, styled *Jose Antonio Checa Curi v. Pershing LLC*, Southern District of Florida Case No. 0:12-cv-20566-FAM" (the "District Court Action"). *See* Amended Motion for Preliminary Injunction at ¶1. On or about January 22, 2013, Mr. Checa filed Respondent's Memorandum in Opposition to Pershing's Amended Motion for Preliminary Injunction and Supporting Memorandum of Law ("Memorandum in Opposition") (D.E. 25). On or about March 1, 2013, this Court entered an order denying Petitioner Pershing's Amended Motion for Preliminary Injunction ("Order on Preliminary Injunction") (D.E. 31). The Order on Preliminary Injunction held that Petitioner Pershing failed to establish that it was entitled to the preliminary injunctive relief sought in the Amended Motion for Preliminary Injunction. For the reasons below, this Court must also dismiss Petitioner Pershing's Amended Petition for Injunction in its entirety.

## II.     RELEVANT FACTS AND BACKGROUND

In mid 2007, Mr. Checa was introduced to Jorge Gomez ("Gomez") and Gomez' associate, Aide Solorio ("Solorio"). During that initial meeting, Gomez and Solorio advised Mr. Checa that, if Mr. Checa allowed Gomez and Solario to manage Mr. Checa's investment funds, Gomez and Solario could produce excellent investment returns for Mr. Checa.

Mr. Checa agreed to transfer his investment funds under Gomez and Solario's control. Petitioner Pershing opened and approved Mr. Checa's account ("Account Number 5FX-103719"), and agreed to serve as Mr. Checa's clearing firm and sole custodian of his investment funds. Mr. Checa did not sign any advisory agreements giving Gomez, Atlantic, Aleph or Robert Espinosa ("Espinosa") (Aleph's principal) unrestrained investment discretion or

2

authority over his account.  In fact, the Full Trading Authorization with Privilege to Withdraw Money and/or Securities (the "Full Trading Authorization") Mr. Checa executed on or about September 4, 2007, purposefully **did not** authorize Pershing or anyone else to follow Gomez' instructions "in every respect concerning [Mr. Checa's] account. . ." nor did it authorize Pershing to "make deliveries of securities or payments of moneys to [Gomez]."  District Court Action, D.E. 26-3.  As such, Mr. Checa never granted any third party the authority to dispose of, or direct funds or securities out of, Mr. Checa's account in any manner.

Mr. Checa never received any documents or literature from Pershing detailing the parameters of his relationship with Pershing.  Unbeknownst to Mr. Checa and without his authority, his account was associated with International Financial Center & Exchange N.V. ("IFC&E"), located in the Netherlands Antilles.

### A.  Petitioner Knowingly Allows the Transfer of Substantial Funds From Mr. Checa's Account

From nearly the beginning of Mr. Checa's relationship with Pershing, Pershing breached its duty to safeguard Mr. Checa's funds and securities in its possession.  Between September 2007 and November 2010, Peititoner Pershing knowingly effectuated over ninety (90) fraudulent wire transfers to third parties without Mr. Checa's knowledge or approval.  These transfers averaged more than $100,000 per month, with some months exceeding $500,000.

Pershing never received Mr. Checa's approval or authority to accept instructions for the transfer of funds or securities from any person or entity other than him.  Pershing's knowing failure to operate within the parameters allowed by Mr. Checa constitutes a knowing failure to safeguard Mr. Checa's funds and securities within Pershing's custody.

In total, Mr. Checa invested approximately $9 million into his account with Pershing. Pershing knowingly executed fraudulent transfers of approximately $6 million to third parties without Mr. Checa's knowledge or approval.

B. <u>Mr. Checa Seeks to File a Claim Against Petitioner In The Appropriate Forum</u>

On or about September 23, 2010, Mr. Checa entered into a retainer agreement with Mark David Hunter, Esquire ("Mr. Hunter"), to pursue a claim against Petitioner relating to its knowing fraudulent transfer of funds out of Mr. Checa's account. As set forth in the *Declaration of Mark David Hunter, Esq. In Support of Respondent Jose Antonio Checa Curi's Memorandum in Opposition to the Amended Motion for Preliminary Injunction* (the "Hunter Decl.") (D.E. 25-1), Mr. Hunter sent an e-mail to Joan Schwartz, Esquire ("Schwartz"), an in-house counsel at Petitioner with the title, "Director and Managing Counsel," that indicated, "I am [] writing to inquire as to whether Pershing LLC has an arbitration agreement with Mr. Checa. If so, please advise. If I do not hear from you this week, I will assume that no arbitration agreement exists and proceed forward in the appropriate U.S. District Court." Hunter Decl. at ¶2. Schwartz never responded to Mr. Hunter's inquiry in any way. *See id*. at ¶3.

In an effort to provide Petitioner the opportunity to respond, on January 14, 2011, Mr. Hunter reached out to Schwartz, once again, by e-mail stating that ". . . we intend to file an action in the federal court (based upon what I understand to be no arbitration agreement between Mr. Checa and Pershing . . . **please let me know if I am mistaken about this**) . . ." *Id*. at ¶4 (emphasis added). However, Schwartz again failed to respond to Mr. Hunter's inquiry about the existence of an arbitration agreement between Mr. Checa and Petitioner. *See id*. at ¶5. As a result of Petitioner's lack of response, Mr. Checa filed a six (6) count complaint in the District Court Action against Petitioner on February 10, 2012. By that date, Petitioner had ignored Mr. Checa's counsel's requests regarding the existence of an arbitration agreement for over fifteen (15) months. *See id*. at ¶7.

### C. Mr. Checa Had No Knowledge of An Arbitration Agreement With Petitioner and Has Not Waived His Right to Arbitrate His Claims

As stated above, Mr. Checa's counsel repeatedly made inquiries to Petitioner regarding the existence of an arbitration agreement between Mr. Checa and Pershing to no avail. *See* Hunter Decl. at ¶¶2-5. Petitioner Pershing alleges in its Amended Petition for Injunction that Mr. Checa had actual and constructive knowledge of his right to arbitrate his claims at the time he filed his Complaint in the District Court Action, and that Mr. Checa had actual and/or constructive knowledge of the arbitration provision in the Margin Agreement. *See* Amended Petition for Injunction at ¶16. However, Petitioner Pershing does not establish how Mr. Checa was aware of his right to arbitrate pursuant to an arbitration agreement that he never received. Although Petitioner Pershing does not allege who executed the Margin Agreement in its Amended Petition for Injunction, Petitioner Pershing's Amended Motion for Preliminary Injunction states that Gomez executed the Margin Agreement in Mr. Checa's name. *See* Amended Petition for Injunction at ¶13; *see also* Amended Motion for Preliminary Injunction at ¶9. The very fact that Gomez, and not Mr. Checa, executed the Margin Agreement in Mr. Checa's name lends to the conclusion that Mr. Checa was not aware of the agreement at the time he filed the District Court Action. Moreover, this Court has already held that Petitioner Pershing has not established that Mr. Checa had knowledge of the arbitration agreement prior to filing the District Court Action. *See* Order on Preliminary Injunction at 4. As such, Mr. Checa neither had actual nor constructive knowledge of his right to arbitrate his claims against Petitioner.

Once Mr. Checa filed his claim in the District Court Action, as a result of Petitioner Pershing's deliberate act of concealment regarding the arbitration agreement between Petitioner and Mr. Checa, Mr. Checa was obligated to prosecute his case. However, Petitioner continued to conceal the existence of the arbitration agreement until June 15, 2012, while the

5

parties were in the midst of active litigation controlled to great extent by Petitioner's own Motion to Dismiss and this Court's *sua sponte orders* dated, May 18, 2012 and June 5, 2012. *See* District Court Action, D.E. 21 and 24.  Although Petitioner argues in its Amended Petition for Injunction that Mr. Checa availed himself of discovery by filing *Plaintiff Jose Antonio Checa Curi's First Request for Production of Documents from Defendant Pershing LLC* ("First Request") on June 6, 2012, the First Request contained only seven (7) requests, and was clearly intended to be a preliminary discovery request to ascertain the relationships between the parties and terms governing those relationships.  As upheld by this Court's Order on Preliminary Injunction, once Mr. Checa received the Margin Agreement containing the arbitration agreement on June 15, 2012, Mr. Checa did not submit any further requests for discovery, including, but not limited to, requests for admissions, requests for documents or interrogatories.  *See* Order on Preliminary Injunction at 4.

On August 23, 2012, Mr. Checa filed his *Notice of Voluntary Dismissal Without Prejudice* ("Dismissal Without Prejudice") pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, which noted that "[t]he initial discovery conducted between the parties to this action has revealed that the causes of action Mr. Checa raised in this matter are governed by an agreement to arbitration in the Financial Industry Regulatory Authority Dispute Resolution."  *See* District Court Action, D.E. 40.  On August 31, 2012, after Pershing had not responded or objected to the Dismissal Without Prejudice in any manner for eight (8) days, this Court issued its *Final Order of Dismissal and Order Denying All Pending Motions as Moot*.  *See* District Court Action, D.E. 41.

### III. ARGUMENT

#### A. Legal Standard

When deciding a Rule 12(b)(6) motion to dismiss, a Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *see also Christopher v. Harbury*, 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a **right to relief**, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (emphasis added) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

#### B. Petitioner Pershing Fails to State a Cause of Action to Warrant Injunctive Relief

The standards for a permanent injunction are essentially the same as that for a preliminary injunction except that a plaintiff must demonstrate actual success on the merits rather than a likelihood of a success. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (2004); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam). In addition, the Eleventh Circuit has held that a district court need not consider the public interest

element in deciding whether to issue a permanent injunction. *See Klay*, 376 F.3d at 1097.  As such, a district court may only grant injunctive relief if the moving party can show (1) actual success on the merits; (2) irreparable injury will be suffered unless the injunction issues; and (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party. *See id.*at 1097 ; *see also Siegel*, 234 F.3d at 1176.  However, an action for injunction must first be predicated upon a cause of action, for which a plaintiff must show actual success on the merits.  *See Klay*, 376 F.3d at 1097.

Moreover, "because it is an extraordinary remedy, it is available not simply when the legal right asserted has been infringed, but only when that legal right has been infringed by an injury for which there is not adequate legal remedy and which will result in irreparable injury if the injunction does not issue." *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117 (2005); *see also Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 506, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *Newman v. Alabama*, 683 F.2d 1312, 1319 (11th Cir. 1982).  Stated differently, "a plaintiff must establish a clear legal right, an inadequate remedy at law and that irreparable harm will arise absent injunctive relief." *Mouton v. Sch. Bd. of Collier County*, 2012 WL 3639004 (M.D. Fla. 2012) (citing *K.W. Brown and Co. v. McCutchen*, 819 So.2d 977, 979 (Fla. 4th DCA 2002)) (citations omitted).   As such, a plaintiff must be able to articulate a basis for relief that would withstand a Rule 12(b)(6) motion to dismiss. *See, e.g., Paisey v. Vitale*, 807 F.2d 889, 892 (11th Cir. 1986) ("[T]he district court did not err in . . . dismissing the injunctive count of [the plaintiff's] complaint because [the plaintiff] has failed to state a claim for relief . . ."); *see also Klay*, 376 F.3d at 1098 ("an [] injunction is a remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed—if the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise.").

In this action, Petitioner Pershing alleges that Mr. Checa has waived his right to arbitrate his claims. *See* Amended Petition for Injunction at ¶1, 28. As such, Petitioner Pershing seeks to prevent Mr. Checa from arbitrating his claims in a FINRA Dispute Resolution Arbitration. *See id.* However, there is no cause of action for "Wrongful Arbitration," upon which a party may sue. *Klay*, 376 F.3d at 1098. Petitioner Pershing's Amended Petition for Injunction has not alleged any facts that establish that Mr. Checa has violated any legally cognizable right of Pershing. As such, Petitioner **cannot** establish actual success on the merits.

This Court has already ruled that Petitioner Pershing "has not met its burden to establish that [Mr.] Checa [] had knowledge of the arbitration agreement prior to filing the initial District Court Action" or that Mr. Checa waived his right to arbitration. Order on Preliminary Injunction at 4. This Court reasoned that "[w]aiver is not to be lightly inferred, and mere delay in seeking [arbitration] without some resultant prejudice to a party cannot carry the day." Any doubts concerning whether a waiver of the right to arbitrate has occurred should be resolved in favor of arbitration. *See id.* at 4(quoting *Creative Solutions Grp., Inc. v. Pentzer Corp.*, 252 F.3d 28 (1st Cir. 2001)(internal citations omitted)). In addition, this Court addressed Petitioner Pershing's arguments inferring that Mr. Checa is essentially forum shopping, which Petitioner Pershing reiterates in its Amended Petition for Injunction. *See* Amended Petition for Injunction at ¶28. This Court ruled in its Order on Preliminary Injunction that Petitioner Pershing's arguments regarding forum shopping are flawed. *See* Order on Preliminary Injunction at 4.

> Had the Court dismissed [Mr.] Checa's [] complaint in its entirety, the [Pershing]'s argument would be more persuasive. The Court's order on the motion to dismiss allowed [Mr.] Checa [] to pursue his breach of contract claim . . .Because Plaintiff could still recover all his damages after the Court's order, the Court cannot say that by opting to arbitrate he was forum shopping in a way that impermissibly prejudiced [Pershing].

Order on Preliminary Injunction at 5.

Petitioner Pershing does not allege any additional facts in its Amended Petition for Injunction that were not already in the record and previously under consideration by this Court. On this basis alone, Petitioner Pershing's Amended Petition for Injunction must be dismissed for failure to state a claim upon which relief may be granted.

### C.  Petitioner Pershing Fails to Establish Irreparable Harm

Even if this Court held that Petitioner Pershing has established actual success on the merits, Petitioner Pershing cannot establish irreparable harm to justify injunctive relief.  As stated above, Petitioner Pershing must establish that it would be irreparably harmed if an injunction does not issue.  *See Klay*, 376 F.3d at 1097; *see also Siegel*, 234 F.3d at 1176. Petitioner Pershing has not alleged any facts in its Amended Petition for Injunction that would establish that it has no adequate remedy at law or that it will suffer irreparable harm.  Petitioner Pershing merely states, in an entirely conclusory manner, that it "has no adequate remedy at law and will suffer irreparable injury unless and until the Court enters a . . . permanent injunction against Mr. Checa."  Amended Petition for Injunction at ¶33.  Pursuant to the Supreme Court's holding in *Iqbal*, Petitioner Pershing has not sufficiently alleged irreparable harm, a necessary element of a request for injunctive relief.  *See Iqbal* 556 U.S. at 678; *see also Nave v. Fuhrman*, 2012 WL 6138344 (N.D. Fla. 2012) (conclusory statements are insufficient to establish irreparable harm); *Klay*, 376 F.3d at 1097.

Mr. Checa has already argued in his Memorandum in Opposition that "if Petitioner's defenses are valid, there exist adequate monetary remedies available to Petitioner in the FINRA Arbitration should it prevail, weighing heavily against Petitioner's claim of irreparable harm." *See Memorandum in Opposition* at 10; s*ee also Barnes v. Burger King Corp.*, 1994 U.S. Dist. LEXIS 21005 (S.D. Fla. 1994) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, . . . , weighs heavily against a claim of irreparable harm").

Moreover, this Court has held that because adequate monetary remedies are available to Petitioner Pershing in the FINRA Arbitration, Petitioner Pershing will not be irreparably harmed by Mr. Checa arbitrating his claims.  *See* Order on Preliminary Injunction at 5.  As such, Petitioner Pershing's Amended Petition for Injunction must be dismissed.

> **D. Petitioner Has Not Established That The Harm it May Suffer Substantially Outweighs The Harm to Mr. Checa**

A plaintiff requesting injunctive relief must establish that the threatened injury to it outweighs the harm the requested injunctive relief may cause to the defendant.  *See Klay*, 376 F.3d at 1097; *see also Siegel*, 234 F.3d at 1176.  Petitioner only makes conclusory allegations that "the actual and threatened injury to Pershing outweighs any threatened or actual injury that the entry of an injunction would cause to [Mr.] Checa []."  Amended Petition for Injunction at ¶34.  Again, a court cannot take conclusory statements as true when determine whether a plaintiff has stated a cause of action for upon relief may be granted.  *See Iqbal*, 556 U.S. at 679.  Moreover, Petitioner has not alleged any facts in its Amended Petition for Injunction that establish that the claims Mr. Checa raised against Pershing are not covered by the arbitration agreement contained in the Margin Agreement.  The Court correctly noted that "[Pershing] has not established that engaging in arbitration proceedings, **to which it agreed in contract**, outweighs the harm of an injunction to [Mr.] Checa [].  Given the strong federal policy in favor of arbitration, the Court does not find the balance of hardships requires an injunction in this case."  Order on Preliminary Injunction at 6 (emphasis added).  As such, Petitioner Pershing's Amended Petition for Injunction must be dismissed in its entirety.

## IV.  CONCLUSION

Petitioner's allegations in this matter fail to establish a basis for relief (i.e., Petitioner Pershing's Amended Petition for Injunction fails to establish that an independent legal right of

11

Petitioner has been violated, entitling it to injunctive relief). Additionally, Petitioner fails to allege the elements for a permanent injunction to a sufficient degree to establish that it has a right to relief beyond mere speculation. As such, this Court should dismiss Petitioner's Amended Petition for Injunction in its entirety.

**WHEREFORE**, Respondent Jose Antonio Checa Curi respectfully requests that this Court dismiss Petitioner's Amended Petition for Injunction in its entirety, and grant any further relief that this Court deems just and proper.

DATED:    March 6, 2013
         Coral Gables, Florida

**HUNTER TAUBMAN WEISS LLP**

/s/ Mark David Hunter
Mark David Hunter, Esq.
Florida Bar No. 12995
Jenny Johnson-Sardella, Esq.
Florida Bar No. 67372
255 University Drive
Coral Gables, Florida 33134
Tel:    (305) 629-8816
Fax:    (305) 629-8877
E-mail: mdhunter@htwlaw.com
        jsardella@htwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on March 6, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record listed below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to received Notices of Electronic Filing electronically.

**Service List**

Kathy M. Klock, Esq.          (CM/ECF)
(Counsel for Petitioner)

Jonathan B. Butler, Esq.      (CM/ECF)
(Counsel for Petitioner)

Jenny Johnson Sardella, Esq.  (CM/ECF)
(Counsel for Respondent)

                                             /s/ Mark David Hunter
                                             Mark David Hunter, Esq.