UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-62449-CIV-MORENO

PERSHING LLC,

    Petitioner,

vs.

JOSE ANTONIO CHECA CURI,

    Respondent.
_____/

## ORDER DENYING MOTION TO DISMISS

Relying on this Court's Order Denying the Petitioner's Motion for Preliminary Injunction, Respondent has moved to dismiss Petitioner's Amended Petition for Permanent Injunctive Relief. The Court agrees with Petitioner that the standard on a Federal Rule of Civil Procedure 12(b)(6) motion differs from the standard under which the Court decides whether to award preliminary injunctive relief. A denial of preliminary injunctive relief does not dictate dismissal of the entire case. Accordingly, the Court denies the motion to dismiss.

THIS CAUSE came before the Court upon the Motion to Dismiss **(D.E. No. 32)**, filed on **March 6, 2013**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. Respondent shall file an answer to the Amended Petition by no later than **June 13, 2013**.

## I. Background

Petitioner, Pershing LLC, filed suit to permanently enjoin the Respondent, Jose Antonio Checa Curi, from pursuing his claims in an arbitration proceeding in the Financial Industry Regulatory Agency, *Jose Antonio Checa Curi v. Pershing, LLC*, FINRA Case No. 12-03777. Petitioner's position is that by actively litigating his claims in this forum for six and a half months in *Jose Antonio Checa Curi v. Pershing, LLC*, Case No. 12-20566-CIV-MORENO, Respondent Checa Curi waived his right to arbitrate. The parties were set to arbitrate Checa Curi's claims on January 15, 2013, before FINRA, when Pershing, LLC filed this suit. The Court has denied the motion for preliminary injunction and now the Respondent Checa Curi has moved to dismiss the complaint for a permanent injunction.

Pershing, LLC is a securities broker-dealer registered with the SEC and a member of FINRA. Pershing provides brokerage execution and clearance services to financial organizations nationwide and within Florida. As a member of FINRA, Pershing is obligated to comply with FINRA's rules and regulations, including the FINRA Code of Arbitration Procedure for Customer Disputes. As a customer, Pershing LLC claims that Checa Curi had a right to require Pershing to arbitrate, even without a written agreement to that effect because his claims arose in connection with a business activity. In any event, in this case, Checa Curi appointed Jorge A. Gomez as his authorized agent and empowered Gomez to take all actions authorized in the "Full Trading Authorization" document. Acting pursuant to that authorization, Gomez executed a Margin Agreement with Pershing, which contained an Arbitration Agreement.

Checa Curi's complaint in the prior case before this Court was filed on February 10, 2012. His six-count complaint pled claims for breach of contract, breach of fiduciary duty, negligence,

unjust enrichment, aiding and abetting breach of fiduciary duty, and aiding and abetting common law fraud. On July 25, 2012, the Court, in ruling on a motion to dismiss in the prior case, found that Checa Curi could state a claim for breach of contract, but the remaining claims were barred by Florida's economic loss rule. Less than one month later on August 23, 2012, Checa Curi filed a notice of voluntary dismissal without prejudice in this Court indicating that discovery in the case revealed an agreement to arbitrate before FINRA. On August 31, 2012, the Court dismissed the case without prejudice.

At the outset of this case, Pershing moved and the Court denied the request for a preliminary injunction. Pershing's position was and continues to be that Checa Curi had waived his right to arbitrate because he had knowledge of his right at the time he filed the District Court action. Respondent Checa Curi relies on the Court's Order Denying the Motion for Preliminary Injunction and is now moving to dismiss the complaint in its entirety arguing that Petitioner cannot establish that he waived his right to arbitrate.

## II. Legal Standard

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual

allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 129 S. Ct. at 1950.

### III. Legal Analysis

In moving to dismiss, Respondent argues that because the Court denied the motion for preliminary injunction, the Court should likewise dismiss the Amended Petition for Injunctive Relief. The Court disagrees with Respondent's position as the standard on a motion to dismiss differs from that of a motion for preliminary injunction.

On a motion to dismiss, the Court must take the pleaded facts in the light most favorable to the non-moving party. Conversely, on a motion for preliminary injunctive relief, the Petitioner has the burden to show that it is likely to succeed on the merits, will suffer irreparable harm, that the balance of hardships weighs in its favor, and that the public interest favors the issuance of an injunction. The Court, in this case, found that Petitioner had not met that burden. That does not mean that Petitioner will be unable to ultimately prevail on the merits of its claim that Checa Curi knowingly waived his right to arbitrate by substantially participating in the litigation to the prejudice of Pershing.

A review of the Petitioner's complaint shows the Rule 8 pleading standard is met. To state a viable claim for permanent injunctive relief, Petitioner must allege facts that would establish actual success on its claim of waiver, irreparable harm, and the harm to Petitioner outweighs any alleged harm to Respondent. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004). In light of the allegations in the Amended Petition and the Rule 12(b)(6) standard, this Court

cannot dismiss the case.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of May, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record